UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DK#3:19CR014(JAM) |
| vs. | : | |
| CONSTANCE MOERLAND | : | AUGUST 06, 2019 |

### CONSTANCE MOERLAND'S MEMORANDUM IN AID OF SENTENCING

The defendant, Constance Moerland, in accordance with Rule 32(o) of the local rules of Criminal Procedure, respectfully submits this memorandum in aid of sentencing in connection with the above-captioned matter. Based on consideration of all the factors set forth in 18 U.S.C. § 3553(a), including the United States Sentencing Guidelines, the defendant asks the Court to sentence her to an entirely suspended sentence with 3 years' supervised release.

**INTRODUCTION**

Following a guilty plea on May 21, 2019, Mrs. Moerland stands convicted of Conspiracy in violation of 18 U.S.C. §371. Mrs. Moerland's offense conduct involves Conspiracy to Commit Wire Fraud. Mrs. Moerland has a criminal history score of one placing her at a category of I and a total offense level of 20 with a three-point reduction to offense level 17 under "18 U.S.C. §3553 (f)" which would result in a range of 24 to 30 months of imprisonment. Based upon her compliance with US Probation, her efforts to maintain and provide for her family while awaiting sentencing and the support she receives from her family, Constance Moerland is asking the Honorable Court to impose a non-guideline sentence of an entirely suspended sentence with 3 years' supervised release.

**ARGUMENT**

While this Court must still correctly calculate the guideline range, Gall v. United States, 552 US 38, 49 (2007), it may not treat that range as mandatory or presumptive. Id. 51; Nelson v. United States, 555 US 350, 352 (2009), but must be treated as "one factor amongst several" to be considered an imposing and appropriate sentence under section 3553(a). Kimbrough v. United States, 552 US 85, 90 (2007). The Court must "consider all the section 3553(a) factors," "make an individualized assessment based on the facts presented," Id. At 49-50 and explain how the facts relate to the purposes of sentencing. Id. At 53-60; Pepper v. United States, 131 S.Ct. 1229, 1242-43 (2011). The Court's "overarching duty" is to "impose a sentence sufficient but not greater than necessary' to accomplish goal of sentencing." Kimbrough v. United States, 552 US at 101; Pepper v. United States, 131 S.Ct. at 1242-43 When the Court considers an individualized sentence that is sufficient but not more than necessary for Mrs. Moerland, she is asking this Court to impose a non-guideline sentence of an entirely suspended sentence with 3 years' supervised release. Given Constance Moerland's compliance with US probation and adherence to her conditions of release, there is no need to impose upon Mrs. Moerland a lengthy prison sentence to deter her from committing further crimes. A sentence of 3 years supervised release will more than punish her for her actions but still give her an opportunity to reclaim her otherwise law abiding, productive and gainful life, given her age and the age of her children Mrs. Moerland's family needs her support.

**The Offense**

The facts of the offense are not in dispute. Mrs. Moerland conspired with Mr. Pham and Mr. Copenhaver to coach individuals who were not drug dependent to game the BOP with the expressed purpose of having them placed in the RDAP program in order to shorten their sentences, which she has pled guilty to on May 21, 2019, before the Honorable Robert M. Spector. Mrs. Moerland has maintained that her actions although wrong were partly a result of her need to provide for her family and a lack of resources.

**Post Arrest**

Since her arrest on 01/23/2019 Mrs. Moerland has resided at her residence in Hudsonville Michigan where she has been in full compliance with her conditions of release. Mrs. Moerland immediately set on a path to rehabilitate her thinking and behavior while she has been under court supervision with the US Probation Office and plans to continue on this path for her benefit as well as her family and most importantly her three young children.

**Counsel's Observations**

This defendant has lived an otherwise lawful and gainful life without any serious criminal conduct prior to this instance. Mrs. Moerland is a hardworking and family-oriented individual who cares deeply for her children and she works incredibly hard to provide for her family. During the course of my representation of Mrs. Moerland she has made every effort to provide

for her family all while preparing for the worst-case scenario that potentially would remove her from her children. Mrs. Moerland has expressed deep remorse due to the fact this is not the example she wants to give to her children given the dysfunction and abuse she was subjected to during her formative years PSR, ¶24 §116, it is clear that Mrs. Moerland's years in dysfunctional and abusive relationships and under employment contributed to her criminality in this instance. I would venture to say Mrs. Moerland's experience throughout this process has been filled with anxiety and deep regret for her actions. During her Presentence interview, she expressed a desire to reverse the cycle of dysfunction and to provide a better life for her children. Mrs. Moerland has expressed great regret about her actions and the impact it is having on not only her but the family that she loves dearly. I believe it would be an incredible benefit to Mrs. Moerland if she is placed in parenting classes as well as mental health treatment while on probation, these tools would allow Mrs. Moerland to better heal from some of her unseen wounds from her childhood. Mrs. Moerland has reached a point in her life where she needs to be a mother to her three kids and being a role model to them is more important to her than continuing down a path that has placed her before this court as well as the Felony Conviction that is now on her record. I truly believe that Mrs. Moerland's participation in this conspiracy was a result of her financial struggles ¶20 §89-92.

### A. The Need to avoid unwarranted Sentence Disparities Among Defendants with Similar Records who have been found Guilty of Similar Conduct

Any disparity present is otherwise warranted based on the history and characteristics of the defendant and the nature of the offense as set forth herein. Mrs. Moerland is 1 of 3 co-defendant's in this matter and she has plead to one count of Conspiracy in violation of 18 U.S.C. §371. Mrs. Moerland's offense conduct involves Conspiracy to commit wire

fraud. Mrs. Moerland should be sentenced to a non-guideline sentence of an entirely suspended sentence with 3 years' supervised release given her role. This is the first federal offense by Mrs. Moerland and by her account this will be her last, she is 34 years old, a young woman with a young family that relies on her support. The Felony conviction now on Mrs. Moerland's record will be an issue going forward in her life.

**B. Considerations of the Sentencing Guidelines**

**1. Offense Level**

The parties stipulated to a loss amount of $599,428.10, Accordingly, the parties agreed to a total offense level calculation, as follows:

a.  Base Offense Level                                20

    Acceptance of Responsibility                  -3

b.  Adjusted Offense Level                            17

**2. Criminal History**

Mrs. Moerland's criminal history score of 1 (Category I), is a result of largely motor vehicle offenses that occurred because of her inability to pay certain fines.

Pertaining specifically to financial crimes which often times has its roots in trauma driven behavior that often times leads its perpetrators in a downward spiral towards criminality, the Supreme Court has approved when District Court's have made the decision to sentence a defendant to less than what the guidelines have outlined. In <u>Gall v. United States</u>, 128 S. Ct. 586 (2007) The District Court judge acknowledged that Gall's criminal history, "including the present offense occurred when he was twenty one years old or younger" and appeared "to stem from his addictions to drugs and alcohol."

The traumatic events that occurred early in Mrs. Moerland's life has spilled over into her adult life. Mrs. Moerland's lack of any significant criminal history and history of gainful employment suggest that she can return to that previously law-abiding life. Accordingly, this court is free to consider the defendants mental and emotional condition as a departure or variance and must in any event give full consideration under §3553 (a)(1) of mental and emotional conditions as mitigating factors in the history and characteristics of Mrs. Moerland.

The area of the guidelines that has had the most scrutiny is clearly drug crimes as highlighted in <u>Kimbrough v. United States,</u> 552 U.S. (2007) where the disparity is concerned with crack cocaine the court can depart from the guidelines in order to satisfy §3553 (a)'s instruction to structure a sentence that is "sufficient but not greater than necessary". <u>United States v. Booker</u>, 543 U.S. 220 highlights the fact that the guidelines

for crack/powder cocaine are only advisory. <u>United States v. Fernandez</u>, 877 F.2d 1138 (2d Cir. 1989) "a district court presented with a plea agreement retains discretion to depart so long as the sentence that results reflects the seriousness of the crime and deters future misconduct."

In addition to the collateral consequences of incarceration, there is the possibility that the lengthy incarceration of offenders like Mrs. Moerland actually creates more violent offenders. The reality often times is lengthy periods of incarceration tend to have the reverse effect in deterring future activities with someone like Mrs. Moerland who is essentially a first-time offender and a mother of three relatively young children one of which has special needs. The impact on her ability to reintegrate and contribute to society becomes more of a daunting task with a jail sentence coupled with a felony conviction. Many studies show that Recidivism rates are low amongst first time offenders who have lived a law-abiding life and have not offended in their adult lives.

3. **Sentencing Table**

An Adjusted Offense Level of 17 and a Criminal History Category of I Results in a Guidelines range of 24-30 months.

4. **Departure/Variance Considerations**

The PSR writer does not recommend a departure however the PSR highlights in PSR, ¶24 §116-118. The abuse and trauma that Mrs. Moerland was a

victim of and a witness to at the hands of her stepbrother and other family members likely contributed to some of the mistakes Mrs. Moerland has made in her life, Addiction was a staple and a reoccurring theme throughout her life and Mrs. Moerland's family members and intimate partners were addicts as recounted by reports documented by responding officers to domestic abuse calls. This unhealthy upbringing and experiences should be carefully considered when crafting the appropriate sentence in this matter.

**CONCLUSION**

Mrs. Moerland is seeking a non-guideline sentence in this matter. Specifically, Mrs. Moerland is requesting a non-guideline sentence of an entirely suspended sentence with 3 years' supervised release. Such a sentence is appropriate in this matter and fulfills the spirit of 18 U.S.C. §3553 (a). Constance Moerland's role in this conspiracy was that of a "Employee", she was given a script put together by Mr. Pham and Mr. Copenhaver. Mrs. Moerland's role although illegal was very limited and was largely due to the direction of the other codefendants. Mrs. Moerland was not living the high life as she was still being paid as an employee while the architects of the conspiracy collected the lion share of the profits from the criminal conspiracy. There is no evidence here that demonstrate that Mrs. Moerland in anyway employed others or had any larger role, she however accepts her responsibility and role in this matter, she conspired to coach individuals who did not have substance abuse issues in order to get them into the RDAP program. Mrs. Moerland joined the Conspiracy after it was already in place and left after a limited period of time. The Federal Felony conviction that is now on Mrs. Moerland's

record is a harsh punishment by itself and will be a clear deterrent from future criminal conduct. Mrs. Moerland's arrest and presentence release has been incredibly beneficial to her. Mrs. Moerland is 34 years old she is a mother of three, as their role model she is now looking to correct her mistakes in order to honor this role, This and the reasons set forth above an appropriate sentence in this matter for Constance Moerland is a non-guideline sentence of an entirely suspended sentence with 3 years' supervised release with all the conditions deemed appropriate by probation.

THE DEFENDANT,
**CONSTANCE MOERLAND**

  /s/ ct28380
Sefton Neil Brown Jr.
135 Elm Street
Bridgeport, CT 06604
203-870-4106
Fed. Bar. CT28380

## **CERTIFICATION**

I hereby certify that, on August 07, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                         __/s/ ct 28380_____
                                                         Sefton Neil Brown Jr, Esq.