UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:19-cr-14 (JAM) |
| v. | |
| CONSTANCE MOERLAND | August 15, 2019 |

## **GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States submits this memorandum in connection with the upcoming sentencing of defendant Constance Moerland, scheduled for August 21, 2019.

The defendant pled guilty to a serious crime. As the Presentence Report (¶¶ 10-23) recounts, defendant participated in a long-running conspiracy to defraud the Bureau of Prisons by coaching federal defendants and inmates how to fake addictions in order to qualify for the Residential Drug Abuse Program ("RDAP"), potentially shaving time off their sentences. This scheme deprived BOP of limited resources earmarked for RDAP, insofar as those funds were wasted on treatment for inmates who did not need it. Therefore, a foreseeable consequence of this crime was to deprive some number of legitimately addicted prisoners of the chance to participate in potentially life-changing treatment through RDAP. As with many frauds, this crime was motivated by greed and caused harm to those ill-equipped to bear it.

That said, this defendant was by far the least culpable of the three charged co-conspirators. She worked at RDAP Law Consultants from January 2017 to January 2018, which was years after the scheme allegedly began in 2012. During her tenure, the defendant's substantively duties were limited to soliciting and engaging prospective clients, rather than directing them how to deceive BOP; the heavy-lifting of the fraud was allegedly performed by her co-defendants (albeit with defendant's knowledge and understanding). There is no indication that the defendant directly shared in the conspiracy's proceeds.

In addition, the PSR identifies several mitigating aspects of the defendant's personal history and characteristics. The defendant was the victim of harrowing abuse and neglect as a child. She is responsible for raising two children, and pays child support for a third. The defendant seems to have been under significant financial pressure her entire life adult life, which continues today. For these reasons, any punishment—whether carceral or financial—will likely have a disproportionate impact on the defendant's and her children's prospects, as compared to others who typically participate in financial fraud.

Accordingly, under these circumstances, the Government does not object to a below-Guidelines sentence for Ms. Moerland.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____/s/_____
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT   06510
Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY